UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK LEE STUHR,<br><br>               Petitioner,<br><br>    v.<br><br>PAT GLEBE,<br><br>               Respondent. | CASE NO. C16-5833 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 27), and Petitioner Clark Lee Stuhr's ("Stuhr") motion for an extension of time to file objections (Dkt. 28) and objections to the R&R (Dkt. 29).

On March 28, 2017, Stuhr filed an amended petition for writ of habeas corpus asserting two grounds for relief as follows: (1) his due process rights were violated when he lost the ability to earn good time credits and (2) his due process rights were violated when prison officials failed to provide documentary evidence before his disciplinary hearing. Dkt. 19. On July 14, 2017, Judge Christel issued the R&R recommending that the Court deny the petition on the merits and decline to issue a certificate of appealability. Dkt. 27. On July 24, 2017, Stuhr filed a motion for extension of time to file objections. Dkt. 28.[1] On August 8, 2017, Stuhr filed objections. Dkt. 29.

---

[1] The Court grants the unopposed motion because the Government is not prejudiced by the extension and Stuhr filed objections within a reasonable period of time.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Stuhr objects to Judge Christel's conclusions on both of his claims for relief. Regarding the due process claim based on denial of the ability to earn good time credits, the Court adopts the R&R. Stuhr has failed to show any clearly established federal law holding that a prisoner has a due process right in unearned good time credits. Therefore, the Court denies this ground for relief on the merits.

Regarding the due process claim based on the denial of evidence at his disciplinary hearing, Stuhr's objections have some merit. The state court concluded that, even though Stuhr had some prior medical records indicating that he suffered from shy bladder syndrome, the records were not material to his defense at the hearing. Dkt. 14, Exh. 12 ("these records fail to provide contemporary medical support for his claim."). Judge Christel found that "[Stuhr] does not state he requested the prison officials obtain these medical records prior to the hearing or request the hearing be postposed so he could obtain the records." Dkt. 27 at 9. Stuhr, however, did present this argument as follows:

> As indicated above, in the statement of the case, (Ground two) petitioner requested his medical file (documentary evidence) at his disciplinary hearing, which was necessary in his defense of the disciplinary infraction. And although the DOC granted a continuance so the files could be obtained, however, when the hearing was re-convened on September 9, 2013 the files were not obtained or provided for the hearing.

Dkt. 19 at 23.  In light of Stuhr's objection, the Court agrees that the R&R misstated

Stuhr's position because he asserts that he did ask for his medical record before his

disciplinary hearing.  This does not change the ultimate conclusion because the medical

evidence was not material to Stuhr's defense.  At most, the evidence established that

Stuhr suffers from shy bladder syndrome, but does not establish that he was unable to

provide urine samples.  In fact, Stuhr had previously provided a urine sample within the

framework of a shy bladder protocol, which undermines Stuhr's ability to provide a

sample on August 13, 2013.  Thus, the Court adopts the R&R's conclusion that Stuhr has

failed to show that his due process rights were violated when prison officials failed to

provide evidence that was not material to Stuhr's defense before his disciplinary hearing.

Finally, the Court adopts the R&R's conclusion that a certificate of appealability

should not issue because reasonable jurists would not disagree on the denial of Stuhr's

petition.  Therefore, the Court having considered the R&R, Stuhr's objections, and the

remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Stuhr's petition is **DENIED**;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter judgment and close this case.

Dated this 28th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge